UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
STEPHEN SAILER,

               Plaintiff,

    -against-

GEORGE HARTE NISSAN, INC. and
MATTHEW ABBASSI

               Defendant(s).
------------------------------------------------------------------------X

CIVIL ACTION
No. 22-CV-4149

COMPLAINT

JURY TRIAL DEMANDED

Plaintiff, STEPHEN SAILER, by his attorneys, BONGIORNO, MONTIGLIO, MITCHELL & PALMIERI, PLLC, complaining of the Defendants, respectfully alleges, upon information and belief as follows:

## SUMMARY OF CLAIMS

## THE PARTIES

1. At all times hereinafter mentioned, Plaintiff, STEPHEN SAILER, was and still is a resident of the County of Suffolk, State of New York.

2. At all times hereinafter mentioned, the defendant, GEORGE HARTE NISSAN, INC., was and still is a domestic business corporation, duly authorized to do business in the State of Connecticut.

3. At all times hereinafter mentioned, the defendant, GEORGE HARTE NISSAN, INC., was and still is a domestic business corporation, conducting business in the State of Connecticut.

4. At all times hereinafter mentioned, the principals of the defendant corporation, GEORGE HARTE NISSAN, INC., were and still are citizens of the State of Connecticut.

5. At all times hereinafter mentioned, the defendant MATTHEW ABBASSI, was and still is a resident of the County of New Haven, State of Connecticut.

6. At all times hereinafter mentioned, the defendant MATTHEW ABBASSI, was and still is a resident of the County of Fairfield, State of Connecticut.

7. At all times hereinafter mentioned, the accident of March 11, 2022 took place on Route 8, southbound, within the County of New Haven, State of Connecticut.

## STATEMENT OF JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332 and §1367 because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interests and costs, and complete diversity of citizenship exists between the Plaintiff and Defendants.

9. Specifically, the plaintiff is a resident of the State of New York, County of Suffolk.

10. The defendant, GEORGE HARTE NISSAN, INC. is a domestic corporation duly authorized to do business and conducting business in the State of Connecticut.

11. The principals of defendant, GEORGE HARTE NISSAN, INC. are residents of the State of Connecticut.

12. The defendant, MATTHEW ABBASSI is a resident of the State of Connecticut.

13. The acts complained of occurred in the State of Connecticut, County of New Haven, and venue is lodged to the Court pursuant to 28 U.S.C. §1391(c)(1).

## STATEMENT OF FACTS

14. Prior to March 11, 2022, the Connecticut State Department of Motor Vehicles issued a driver's license to the defendant, MATTHEW ABBASSI.

15. On or prior to March 11, 2022, the Connecticut State Department of Motor Vehicles suspended the driver's license of the defendant, MATTHEW ABBASSI.

16. Defendant, GEORGE HARTE NISSAN, INC., their agents, servants and/or employees on or prior to March 11, 2022 provided defendant, MATTHEW ABBASSI, with a loaner vehicle, a 2021 Nissan Sentra, passenger motor vehicle bearing Connecticut State Plate No: BE37824 for the year 2022.

17. Defendant, MATTHEW ABBASSI, presented his driver's license, which was suspended, to defendant, GEORGE HARTE NISSAN, INC. on or prior to March 11, 2022 in order to take possession of the aforesaid loaner vehicle.

18. Defendant, MATTHEW ABBASSI, presented proof of insurance for a cancelled or otherwise ineffective insurance policy to defendant, GEORGE HARTE NISSAN, INC. on or prior to March 11, 2022 in order to take possession of the aforesaid loaner vehicle.

19. That on or prior to March 11, 2022, defendant, GEORGE HARTE NISSAN, INC. was aware that defendant, MATTHEW ABBASSI, did not possess a valid driver's license.

20. That on or prior to March 11, 2022, defendant, GEORGE HARTE NISSAN, INC. was aware that defendant, MATTHEW ABBASSI, did not possess a valid insurance policy.

21. Defendant, GEORGE HARTE NISSAN, INC. and defendant, MATTHEW ABBASSI entered into a loaner vehicle agreement on or prior to March 11, 2022 for the aforesaid loaner vehicle.

22. At all times hereinafter mentioned, the defendant, GEORGE HARTE NISSAN, INC., was the owner/registrar of a 2021 Nissan passenger motor vehicle bearing Connecticut State Plate No: BE37824 for the year 2022.

23. At all times hereinafter mentioned, the defendant, GEORGE HARTE NISSAN, INC., maintained a 2021 Nissan passenger motor vehicle bearing Connecticut State Plate No: BE37824 for the year 2022.

24. At all times hereinafter mentioned, the defendant, GEORGE HARTE NISSAN, INC., repaired a 2021 Nissan passenger motor vehicle bearing Connecticut State Plate No: BE37824 for the year 2022.

25. At all times hereinafter mentioned, the defendant, GEORGE HARTE NISSAN, INC., inspected a 2021 Nissan passenger motor vehicle bearing Connecticut State Plate No: BE37824 for the year 2022.

26. At all times hereinafter mentioned, the defendant, GEORGE HARTE NISSAN, INC., controlled a 2021 Nissan passenger motor vehicle bearing Connecticut State Plate No: BE37824 for the year 2022.

27. At all times hereinafter mentioned, the defendant, GEORGE HARTE NISSAN, INC., loaned a 2021 Nissan passenger motor vehicle bearing Connecticut State Plate No: BE37824 for the year 2022.

28. At all times hereinafter mentioned, the defendant, MATTHEW ABBASSI, was the owner/registrar of a 2021 Nissan passenger motor vehicle bearing Connecticut State Plate No: BE37824 for the year 2022.

29. At all times hereinafter mentioned, the defendant, MATTHEW ABBASSI maintained a 2021 Nissan passenger motor vehicle bearing Connecticut State Plate No: BE37824 for the year 2022.

30. At all times hereinafter mentioned, the defendant, MATTHEW ABBASSI repaired a 2021 Nissan passenger motor vehicle bearing Connecticut State Plate No: BE37824 for the year 2022.

31. At all times hereinafter mentioned, the defendant, MATTHEW ABBASSI inspected a 2021 Nissan passenger motor vehicle bearing Connecticut State Plate No: BE37824 for the year 2022.

32. At all times hereinafter mentioned, the defendant, MATTHEW ABBASSI controlled a 2021 Nissan passenger motor vehicle bearing Connecticut State Plate No: BE37824 for the year 2022.

33. That on March 11, 2022, and at all times hereinafter mentioned, the defendant, MATTHEW ABBASSI, was the operator of a 2021 Nissan passenger motor vehicle bearing Connecticut State Plate No: BE37824 for the year 2022.

34. That on March 11, 2022, while operating the vehicle loaned/provided to him by GEORGE HARTE NISSAN, INC., the defendant, MATTHEW ABBASSI, rear-ended the plaintiff's vehicle on Route 8, near Exit 27, County of New Haven, State of Connecticut.

35. That on or prior to March 11, 2022, and at all times hereinafter mentioned, the defendant, GEORGE HARTE NISSAN, INC. negligently entrusted MATTHEW ABBASSI with a vehicle owned by GEORGE HARTE NISSAN, INC.

36. Each of the defendants were negligent in the ownership, operation, management, maintenance, control and inspection of the aforementioned motor vehicle.

37. The plaintiff, STEPHEN SAILER, sustained severe and permanent injuries as a result of this accident.

38. The negligence of the defendants, as detailed below, was a substantial factor/the cause of plaintiff sustaining serious and permanent injuries.

39. The plaintiff, STEPHEN SAILER, was caused to undergo medical treatment, including serious and invasive surgery to his neck after failing conservative treatment as a result of this accident.

40. The plaintiff suffered damages as a result of the aforementioned accident, for which he is entitled to compensation, including, but not limited to:

   a. Pain and Suffering;

   b. Lost wages;

   c. Direct expenses, including expenses for medical care, treatment and the like.

41. The above mentioned occurrence(s), and the result thereof, were caused by the negligence of the Defendants and/or said defendant's agents, servants, employees and/or licensees in the ownership, operation, management, maintenance, supervision and control of their facility and vehicles; in failing to hire competent persons; in permitting an employee to provide a non-licensed, non-insured customer to use and operate a loaner vehicle. The defendants, their agents, servants and employees were otherwise careless, reckless and negligent.

42. That the defendant, GEORGE HARTE NISSAN, INC. negligently entrusted the defendant, MATTHEW ABBASSI with the subject vehicle on or prior to the date of the accident.

43. That the defendant, MATTHEW ABBASSI was negligent in the operation of the subject vehicle on March 11, 2022.

44. On March 11, 2022 and at all times hereinafter mentioned, Route 8 located in the County of New Haven, State of Connecticut, was and still is a public roadway and in common use by the residents of said county and others.

45. On or about March 11, 2022, at the aforesaid location, the vehicle owned by defendant GEORGE HARTE NISSAN, INC. struck the plaintiff, STEPHEN SAILER'S vehicle while he was lawfully utilizing the public roadway, Route 8 located in the County of New Haven, State of Connecticut

46. On or about March 11, 2022, at the aforesaid location, the vehicle operated by defendant MATTHEW ABBASSI struck the plaintiff, STEPHEN SAILER'S vehicle while he was lawfully utilizing the public roadway, Route 8 located in the County of New Haven, State of Connecticut.

47. No negligence on the part of the plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

48. That because of the aforementioned negligence, plaintiff, STEPHEN SAILER was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; and as a result of said injuries Plaintiff has suffered as relayed above.

49. By reason of the foregoing, the plaintiff, STEPHEN SAILER, has been damaged in an amount that exceeds $1,000,000, which will be determined at trial.

## COUNT 1

## NEGLIGENCE

50. Plaintiff repeats, reiterates and realleges those allegations contained in paragraphs 1 through 49 of the complaint with the same force and effect as if they were more fully set forth at length herein.

51. The negligence of defendant, GEORGE HARTE NISSAN, INC. consisted of, including but not limited to, failure to properly supervise; failure to perform due diligence prior to loaning a vehicle; failure to properly supervise their employees; failure to properly train their employees and staff; failure to investigate whether a customer has a valid license prior to entrusting them with a vehicle; failure to investigate whether a customer has valid insurance prior to entrusting them with a vehicle; failing to perform due diligence; providing a vehicle an unlicensed driver; providing a vehicle to an uninsured driver; failure to manage, maintain, control their motor vehicle; and Defendant was careless, reckless, negligent in the ownership, maintenance, operation and control of the motor vehicle.

52. The negligence of the defendant, MATTHEW ABBASSI, consisted of, including, but not limited to, failure to maintain a safe distance; failure to observe traffic conditions; failing to apply brakes; failure to operate the vehicle in a proper color reasonable, prudent and safe manner so as to avoid the collision, although they could have done so; failed and exacted to properly and adequately slow, stop or otherwise decrease the speed of his motor vehicle so as to avoid the occurrence, although he could have done so; failed and neglected to decrease the speed of his motor vehicle when approaching stopped or stopping traffic; operated his motor vehicle at an unreasonable and improper rate of speed under the circumstances then and there prevailing; failed and neglected to turn, swerve or otherwise steer the motor vehicle in such a way so as to avoid the collision, although he could have done so; failed the neglected to keep a proper, or any, lookout in and up on the roadway; failed neglected to honk his horn or otherwise give warning of his approach and of impending danger; failed and neglected to maintain his motor vehicle, and more particularly the steering, breaking, signaling devices and tires, in proper working condition; failed to neglected to proceed with increased caution when approaching stopped or stopping

traffic; failure to operate the motor vehicle with due regard to the rights and safety of the plaintiff; failed to make adequate and timely observation of, and respond to conditions; operated his motor vehicle in a manner which unreasonably endangered the plaintiff; failed to keep a proper lookout when controlling the motor vehicle; failed to properly maintain the motor vehicle according to the law; failed to give adequate and timely signal, notice or warning; failed to abide by the traffic rules and regulations in effect on the date of the accident; operating a motor vehicle without a valid driver's license; and Defendant was careless, reckless, negligent in the ownership, maintenance, operation and control of the motor vehicle.

53. Defendant, GEORGE HARTE NISSAN, INC. knew or should have known that the defendant, MATTHEW ABBASSI did not possess a valid driver's license on the date of the accident.

54. Defendant, GEORGE HARTE NISSAN, INC. knew or should have known that the defendant, MATTHEW ABBASSI did not possess a valid insurance policy on the date of the accident.

55. Defendant, GEORGE HARTE NISSAN, INC. was the owner of the vehicle driven by defendant MATTHEW ABBASSI at the time of the accident on March 11, 2022.

56. Defendant, GEORGE HARTE NISSAN, INC. entrusted the vehicle to defendant, MATTHEW ABBASSI on or prior to March 11, 2022.

57. Defendant, GEORGE HARTE NISSAN, INC. negligently entrusted the vehicle to defendant, MATTHEW ABBASSI on or prior to March 11, 2022.

58. Defendant, GEORGE HARTE NISSAN, INC. permitted the defendant, MATTHEW ABBASSI to use, drive and otherwise control the aforesaid vehicle on March 11, 2022.

59. Defendant, GEORGE HARTE NISSAN, INC. permitted the defendant, MATTHEW ABBASSI to use, drive and otherwise control the aforesaid vehicle on March 11, 2022.

60. At all times herein mentioned, and on March 11, 2022, the Defendants, their agents, employees, servants, managers and staff were acting within the scope of their employment.

61. The defendants failed to act with any degree of care or diligence towards the public at large and particularly, the plaintiff.

**WHEREFORE,** Plaintiff, STEPHEN SAILER, demands judgment against Defendants, GEORGE HARTE NISSAN, INC. and MATTHEW ABBASSI, on all of the above Causes of Action together with the costs and disbursements herein.

Dated: Mineola, New York
   July 14, 2022

Yours etc.,

ALEXYS M. CARTER, ESQ.
BONGIORNO, MONTIGLIO, MITCHELL & PALMIERI, PLLC
Attorneys for Plaintiff(s)
STEPHEN SAILER
200 Old Country Rd., Suite 680
Mineola, NY 11501
File # PLT 028722 AMC